**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-20967-KMM

STEVEN NGHI TANG, and
LINDA CHAU TANG,

     Plaintiffs,
v.

NCL (BAHAMAS) LTD.,

     Defendant.
                                        /

**ORDER ON MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant NCL (Bahamas) Ltd.'s ("Defendant" or "NCL") Motion to Dismiss ("Mot.") (ECF No. 12). Plaintiffs Steven Nghi Tang and Linda Chau Tang (collectively, "Plaintiffs") filed a response ("Resp.") (ECF No. 14). The Motion is now ripe for review.

**I.    BACKGROUND**[1]

This is a maritime personal injury action brought by Plaintiffs against Defendant for damages allegedly sustained by Plaintiffs while passengers on the Norwegian *Escape* in or around March of 2019. Compl. ¶ 14. At approximately midnight on or about March 3, 2019, Defendant sailed into a severe storm. *Id.* ¶ 15. The severe weather caused the ship to tilt several times with such force that passengers were thrown from their beds or chairs. *Id.* ¶ 15, 25. Plaintiffs "sustained physical impact over the course of this ordeal." *Id.* ¶ 26. The only announcement that Defendant

---

[1] The background facts are taken from the Complaint ("Compl.") (ECF No. 1) and accepted as true for purposes of ruling on this Motion. *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

made while the ship was tilting was "Code Alpha[.]" *Id.* ¶ 16. Defendant did not explain the meaning of this emergency code to the passengers, which led to passengers fearing that the ship was going to capsize. *See id.*

In the Complaint, Plaintiffs each allege a claim for (1) negligence, and (2) negligent infliction of emotional distress. *Id.* ¶¶ 55–84. Additionally, Plaintiffs seek punitive damages. *Id.* ¶ 32.

Now, Defendant moves to dismiss Plaintiffs' claims for negligence and punitive damages for failure to state a claim. *See generally* Mot.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alteration omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

Defendant moves to dismiss (1) Plaintiffs' claims for negligence because Plaintiffs allege duties beyond what is cognizable in a claim for negligence, and (2) Plaintiffs' claim for punitive damages because punitive damages are unavailable in a personal injury action brought pursuant to maritime law. *See generally* Mot.

"Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law." *Luther v. Carnival Corp.*, 99 F. Supp. 3d 1368, 1370 (S.D. Fla. 2015) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989)). To establish a claim for negligence, a plaintiff must prove that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). It is well established that a cruise ship operator owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Torres v. Carnival Corp.*, 635 F. App'x 595, 600–01 (11th Cir. 2015) (citation omitted). This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322.

1. Plaintiffs Sufficiently State a Claim for Negligence

Defendant argues that the Court should dismiss Plaintiffs' claims for negligence because Plaintiffs allege Defendant breached non-existent duties and commingled separate theories of liability in one count. Mot. at 2–4. In response, Plaintiffs argue that it is permissible to allege more than one breach in single count. Resp. at 4–5.

Each theory of negligence is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations. *See Givens v. Carnival Corp.*, No. 20-

3

20846-Civ-Scola, 2020 WL 977934, at *2 (S.D. Fla. Feb. 28, 2020) (citation omitted). As such, it is impermissible for a plaintiff to plead allegations pertaining to distinct theories of liability into one claim. *See id.* (citations omitted). For example, a claim for negligence should not include allegations pertaining to negligent hiring and retention. *See id.* (citation omitted).

Here, Defendant has not met its burden to establish that dismissal is warranted. The basis of Plaintiffs' claims for negligence is that Defendant failed to (1) take proper precautions to avoid inclement weather, (2) warn passengers of imminent danger; and (3) make announcements to passengers to assure them that the situation is under control. Compl. ¶ 69. These allegations all pertain to Defendant's failure to take reasonable care and do not relate to distinct theories of negligence, such as negligent retention or hiring. *See Givens*, 2020 WL 977934, at *2. As such, Plaintiff do not impermissibly commingle distinct theories of negligence into one count.

Moreover, upon review, Plaintiffs sufficiently allege factual matter to give Defendant fair notice of [their] claim[s] [] and the grounds upon which [they] rest[.]" *Twombly*, 550 U.S. 555. That is, Plaintiffs allege that Defendant failed to take reasonable care to avoid the severe weather and failed to warn Plaintiffs when the ship encountered severe weather. Compl. ¶ 69. Finally, although a few of Plaintiffs' allegations may state duties beyond what is cognizable under the law, the vast majority of Plaintiffs' allegations state cognizable legal duties. *Id.* As such, this is not a case where it is appropriate to require Plaintiffs to replead for clarity and to narrow issues for discovery. *See Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 367–67 (11th Cir. 1996) (citation omitted). Thus, the Court finds that dismissal of Plaintiffs' negligence claims is not warranted.

    2. <u>Punitive Damages</u>

Defendant moves to dismiss Plaintiffs' claim for punitive damages because plaintiffs may not recover punitive damages in a personal injury action brought pursuant to maritime law absent

4

a showing of intentional misconduct.[2]  Mot. at 5.  In response, Plaintiffs argue that it is premature to decide whether Plaintiffs will be able to establish intentional misconduct.  Resp. at 9.

Punitive damages are not available under maritime law except in exceptional circumstances including, *inter alia*, intentional misconduct.  *See in re Amtrak "Sunset limited" Train Crash*, 121 F.3d 1421, 1429 (11th Cir. 1997).  To demonstrate intentional misconduct for the purposes of recovering punitive damages, plaintiffs must show that "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage."  *Mee Indus. v. Dow Chemical Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010) (citation omitted).

Here, Defendant has not met its burden to establish that the Court should dismiss Plaintiffs' claim for punitive damages.  Specifically, Plaintiffs allege that Defendant decided to sail through a severe storm despite knowing the severity of the storm.  Compl. ¶¶ 43–50.  This is sufficient to state a claim for punitive damages at the motion to dismiss stage.  *See Crusan,* 2015 WL 13743473, at *8.

---

[2]  As an initial matter, punitive damages are not a stand-alone claim subject to dismissal.  Rather, punitive damages are a form of relief that Plaintiffs may be entitled if they prevail on their claims. *See Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23323-CIV, 2012 WL 920675, at *2 (S.D. Fla. Mar. 19, 2012).  Rule 12(b)(6) only tests the sufficiency of a plaintiff's claims, not the relief that the plaintiff may seek if they succeed in proving their claim.  *See id.*  As such, a defendant's request to dismiss a plaintiff's "claim" for punitive damages may be more properly construed as a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  *Id.* at *2–6.  However, courts, in deciding similar requests, have considered whether plaintiffs have sufficiently alleged intentional misconduct.  *See e.g.*, *Crusan v. Carnival Corp.*, No. 13-cv-20592, 2015 WL 13743473, at *6–8 (S.D. Fla. Feb. 24, 2015).  As such, the Court will not construe Defendant's request to dismiss Plaintiffs' claim for punitive damages as a motion to strike pursuant to Rule 12(f).

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, Response, pertinent portions of the record, and being otherwise fully advised in the premises, is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 12) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of July, 2020.

_K. M. Moore_
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record

Case 1:20-cv-20957-KMM Document 24 Entered on FLSD Docket 07/14/2020 Page 6 of 6